# Extension of District Court Jurisdiction Under § 1110 of the Federal Aviation Act

Section 1110 of the Federal Aviation Act authorizes the President to extend that Act to areas outside the United States, but does not authorize an analogous extension of the geographic jurisdiction of a district court for purposes of enforcing certain of the Act's provisions. An executive order extending the Act to the Trust Territory of the Pacific Islands (TTPI) would make its provisions part of the law of the TTPI, and enforceable through the TTPI judicial system.

August 27, 1981

## MEMORANDUM OPINION FOR THE ASSISTANT CHIEF COUNSEL, FEDERAL AVIATION ADMINISTRATION

This responds to your request for the guidance of this Office on the question whether the President has authority under § 1110 of the Federal Aviation Act of 1958, as amended (49 U.S.C. § 1510) (Act), to extend by executive order a judicial district of the United States in support of a geographical extension of the Act by executive order. You understand that our response to your inquiry was delayed in view of the difficulties you had in ascertaining the manner under which similar problems were solved under Executive Order No. 11,326, 3 C.F.R. 617 (1966–1970 Comp.), which extended parts of the Federal Aviation Act to the Ryukyu Islands. We have been advised now that the issue did not arise at that time because the provisions of the Federal Aviation Act under which this problem becomes critical were not extended to the Ryukyu Islands.

Section 1110 of the Federal Aviation Act, 49 U.S.C. § 1510, provides:

> Whenever the President determines that such action would be in the national interest, he may, to the extent, in the manner, and for such periods of time as he may consider necessary, extend the application of this Act to any areas of land or water outside of the United States and the overlying airspace thereof in which the Federal Government of the United States, under international treaty, agreement or other lawful arrangement has the necessary legal authority to take such action.

Under the authority of this section, Titles III and XII of the Act already have been extended by Executive Order No. 10,854, 3 C.F.R.

389 (1959–1963 Comp.), "to those areas of land or water outside the United States and the overlying airspace thereof over or in which the Federal Government of the United States . . . has appropriate jurisdiction and control." This definition, as pointed out in your memorandum, includes the Trust Territory of the Pacific Islands (TTPI). It is now contemplated to extend most of the titles of the Act to the TTPI in order to enable aircraft owned by citizens of the Micronesian entities to be registered in the United States. Your agency feels that such extension of the Act to the TTPI is feasible only if the Act and the regulations of the Federal Aviation Administration can be fully enforced with respect to persons located in the violations occurring in the TTPI.

The Act provides for its enforcement largely through civil and criminal proceedings in the district courts in which the offense or violations are committed, or where the person committing a violation of the Act carries on his business. §§ 903, 904, 1007 (49 U.S.C. §§ 1473, 1474, 1487). Because the TTPI is not within any federal judicial district, the question arises how the Act can be effectively enforced in the TTPI.[1] This gives rise to the question whether the President's authority under § 1110 of the Act includes the power both to extend the Act to areas outside the United States and the power to extend the geographic jurisdiction of a district court to an area outside the United States to which the Act has been made applicable.

In our view this question must be answered in the negative. The jurisdiction of the federal district courts is purely statutory. Section 1110 does not expressly confer on the President the power to extend the geographical jurisdiction of the district courts, and such power is not easily implied from the language of that section. Moreover, it cannot be said that this power follows by necessary implication because § 1110 would be nugatory in the absence of a judicial forum in which the extension of the Act could be enforced. The experience of Executive Order Nos. 10,854 and 11,326 shows that some titles of the Act can be extended without a concomitant extension of the jurisdiction of a federal court. In addition, § 903(a) provides for a forum for some violations of the Act outside the United States. *See supra* note 1.

Our conclusion that § 1110 of the Act does not confer on the President the power to enlarge the geographic jurisdiction of a federal district court, however, does not mean that there is no available means of enforcing the provisions of the Act in the event it is extended to the

---

[1] Section 903 provides that where an "offense is committed out of the jurisdiction of any particular State or district, the trial shall be in the district where the offender . . . is arrested or is first brought." This provision does not appear to be sufficiently effective in the case of non-resident aliens.

277

TTPI. According to § 101(2) of Title I of the Trust Territory Code (1970):

> (2) such laws of the United States, as shall, by their own force, be in effect in the Trust Territory, including the Executive Orders of the President and orders of the Secretary of the Interior

have the effect of law in the TTPI. An executive order extending the Act to the TTPI therefore would be a part of the law of the TTPI and judicially enforceable there. However, since the judicial system of the TTPI is controlled by orders of the Secretary of the Interior, we would suggest that you consult with the Office of the Solicitor of the Interior on the best method of conferring enforcement jurisdiction on the TTPI High Court.

LARRY L. SIMMS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*